in this class of cases to exceed its statutory limits of sentence.''

The photographic film in the case was of a most filthy and obscene character and its exhibition calls for severe punishment, but the defendant was not tried by a court which has sufficient jurisdiction to surround him with the safeguards to which he is entitled by the laws of the land, and his conviction was illegal.

The conclusions as to the jurisdiction of the court make it unnecessary to discuss the other points raised by counsel.

The judgment of the Police Court is reversed.

Judgment reversed.

---

Matter of the Examination of JOSEPH DUNFEE, Judgment Debtor, in Proceedings Supplementary to Execution upon the Application of Frank Hasbrouck, as Superintendent of Insurance and Receiver of the Empire State Surety Company, Judgment Creditor.

(County Court, Onondaga County, March, 1916.)

Bankruptcy — discharge in — meaning of word "property" — Bankruptcy Act of 1898, § 17a(2) as amended — supplementary proceedings.

> The meaning of the word "property" in section 17a (2) of the Bankruptcy Act of 1898, as amended, is not properly included in the giving or becoming surety on a bond.
>
> A discharge in bankruptcy releases the bankrupt from any and all liability upon a judgment recovered against him by the receiver of a surety company for the amount which it had been compelled to pay to the executor of an estate under a bond given by defendant conditioned for the repayment of

money paid or advanced to him, it being subsequently deter-
mined that he was not entitled thereto.

An order for the examination in proceedings supplementary
to execution of the bankrupt on the judgment recovered against
him by the surety company must be vacated.

MOTION to vacate order in supplementary pro-
ceedings.

Lyman, Canough & Higbee, for motion.

Hirsh, Newman & Reass, opposed.

CADY, J.  In May, 1906, the Empire State Surety
Company became surety upon the bond of the judg-
ment debtor, Joseph Dunfee, given to the executors of
the estate of John Dunfee, deceased, for the purpose
of obtaining from such executors certain moneys
claimed by said Joseph Dunfee.  The condition of
such bond was, substantially, that if the sum so
claimed by said Joseph Dunfee was paid or advanced
to him, and it should subsequently be determined
that he was not entitled thereto, then the sums so
advanced or paid would be returned to such executors.
Subsequently the Empire State Surety Company, as
such surety, was compelled to, and did, repay the said
executors upwards of the sum of $20,000.  In the year
1912 an action was brought by the Empire State
Surety Company against Joseph Dunfee to recover
from him the amount which the surety company had
been so compelled to pay, and in the complaint in such
action it was alleged that Joseph Dunfee induced and
procured the said surety company to become surety
upon the said bond by falsely and fraudulently repre-
senting and stating his financial condition in writing.
In this action, upon such grounds, Frank Hasbrouck,
as superintendent of insurance and receiver of the

Empire State Surety Company, recovered a judgment about March 9, 1915, against Joseph Dunfee for the sum of $27,000. And in December of that year an order was made by the county judge of Onondaga county for the examination of the judgment debtor in proceedings supplementary to execution upon such judgment.

In the year 1913, and while the above action was pending, Joseph Dunfee was adjudged a bankrupt, and afterwards, and by an order of the United States District Court, entered April 14, 1915, after due notice to the Empire State Surety Company, or its receiver, was discharged from all debts which were dischargeable under and by virtue of the act of congress, entitled "An act to establish a uniform system of bankruptcy throughout the United States."

The judgment debtor, Joseph Dunfee, maintains that his discharge in bankruptcy discharged and released him from any and all liability upon the judgment so recovered by the receiver of the surety company, and by his attorneys has moved to vacate the order for his examination in proceedings supplementary to execution upon the judgment so recovered against him.

The Bankrupt Law, section 17, provides: " *a.* A discharge in bankruptcy shall release a bankrupt from all his provable debts, except such as (1) are due as a tax * * *; (2) are liabilities for obtaining property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another."

Obtaining the bond, or rather obtaining the surety company to become surety upon his bond, was not, in my opinion, obtaining *property* from the surety company. While it is true that the execution of the bond by the surety company, as surety, enabled Dunfee to

obtain property from the executors of John Dunfee's estate, it is not claimed that he (Joseph Dunfee) made false statements to such executors, or that they had any knowledge that he had made false statements to the surety company to induce it to become his surety. The surety company furnished Dunfee with credit upon which he obtained the money or property. It did not part with "property."

My attention has been called to numerous decisions, both in the state and federal courts, defining the word "property." And in no case do I find the meaning of the word so enlarged as to include the giving of a bond, or the becoming a surety upon such a bond, as parting with "property."

Upon the other hand I do find that the reported cases, including the case of *Matter of Tanner*, 28 Am. Bankr. Rep. 615, which is almost directly in point, uniformly exclude the giving of a bond or the becoming of a surety upon a bond in the definition of the word "property."

It is therefore concluded that under the provisions of the Bankrupt Law, heretofore referred to, the judgment debtor, Joseph Dunfee, was released and discharged from the debt and obligation out of which the judgment was obtained, and upon which the order for his examination in proceedings supplementary to execution was granted, and that such order should be vacated.

Ordered accordingly.